**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| J.W. (a minor) by and through his Legal Guardian BRUCE WILLIAMS, )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al., )<br>)<br>Defendant(s). ) | Case No. 4:21-cv-00324-SRC |

**Memorandum and Order**

J.W., a minor, suffers from anxiety, depression, and other psychological and behavioral disorders.  Psychiatric testing determined that J.W. has functioning limitations requiring him to stay at a therapeutic residential school with close medical and behavioral monitoring.  J.W.'s parents checked him into three different residential treatment centers.  J.W.'s father has a medical benefits plan through his employer, Barry-Wehmiller, which Barry-Wehmiller funds and Cigna administers.  While the plan includes coverage for certain mental health treatment, Cigna denied coverage for the services at residential treatment centers, determining that the services were not medically necessary.  After appealing the coverage decisions, J.W. filed suit through his father—who is also his legal guardian—against Barry-Wehmiller and Cigna, seeking benefits under the plan.  Cigna and Barry-Wehmiller filed motions to dismiss the counts asserting breach of fiduciary duty under ERISA and a state-law benefits claim.  Docs. 24, 32.  The Court examines the viability of those counts under ERISA.

**I.    Background**

J.W. filed suit against Defendants in March 2021, Doc. 1, and amended his complaint twice in June 2021, Docs. 17, 20.  J.W.'s Second Amended Complaint alleges that J.W.'s father

is "an employee of Barry-Wehmiller Companies, Inc. and is a vested participant in a Group Insurance Policy which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a)." Doc. 20 at ¶ 5. J.W. alleges that his father is a "participant in the ERISA medical benefits policy that is administered by Cigna, and his dependent child, J.W., is a beneficiary of those medical benefits under the Plan." *Id.* at ¶ 7. J.W. alleges that Cigna wrongfully denied benefit coverage under the plan for his medically necessary mental health services, in violation of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq. Id.* at 1.

J.W. asserts claims against Defendants for Wrongful Denial of Benefits under 29 U.S.C § 1132(a)(1)(b) (counts 1–3) and Breach of Fiduciary Duty under 29 U.S.C. § 1132(a)(3) (count 4). *Id.* at ¶¶ 49–87. J.W. also alleges that Cigna violated Missouri's Mental Health Parity Act, Mo. Rev. Stat. § 376.1550 (count 5). *Id.* at ¶¶ 88–93. J.W. seeks an award of damages "in the amount of the unpaid medical expenses" plus interest, attorneys' fees, and costs. *Id.* at pp. 16–17.

Regarding the benefit denials for residential treatment, J.W. alleges that he exhausted his administrative remedies by appealing the adverse determinations. *Id.* at ¶ 39. J.W. claims in count 4, however, that Cigna failed to pay for "treatment that Cigna found to be necessary" and that "[b]ecause Cigna stated that a lesser amount of care was necessary, it is minimally required to pay for the treatments Cigna deemed necessary during the course of their denials of J.W.'s claim." *Id.* at ¶¶ 84–85. J.W. does not allege that he exhausted his administrative remedies with regard to his claim in count 4, however. *Id.* at ¶ 39.

Cigna and Barry-Wehmiller move to dismiss count 4, and Cigna moves to dismiss count 5, of J.W.'s Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).  Docs. 24, 32.  Cigna and Barry-Wehmiller do not seek dismissal of counts 1, 2, and 3.  *See id.*

## II.   Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to give "a short and plain statement showing that the pleader is entitled to relief . . . ."  To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).  Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff . . . ."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of

3

a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 677–78.

## III.   Discussion

Cigna and Barry-Wehmiller move to dismiss count 4, and Cigna moves to dismiss count 5, of J.W.'s Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Docs. 24, 32. First, Cigna and Barry-Wehmiller argue various reasons why J.W.'s claim for Breach of Fiduciary Duty (count 4) fails under ERISA. Doc. 24 at ¶ 3; Doc. 32 at ¶ 4. Second, Cigna argues that ERISA preempts J.W.'s claim under Missouri's Mental Health Parity Act (count 5). Doc. 24 at ¶ 4. The Court addresses each in turn.

### A.   Count 4

Cigna and Barry-Wehmiller raise various exhaustion and delegation arguments why count 4 fails under ERISA. Doc. 24 at ¶ 3; Doc. 32 at ¶ 4. The Court need not address these because it finds another argument dispositive, specifically that count 4 seeks relief—benefits under the plan—unavailable on a breach-of-fiduciary-duty claim under ERISA § 502(a)(3).

Plaintiffs often masquerade claims for benefits under an ERISA plan as breach-of-fiduciary-duty claims under 29 U.S.C. § 1132(a)(3). The Eighth Circuit instructs that courts must scrutinize whether the plaintiff has in fact artfully disguised a benefits claim as a breach-of-fiduciary-duty claim. *Jones v. Aetna Life Ins. Co.*, 943 F.3d 1167, 1169 (8th Cir. 2019). A simple reason exists for this—the Supreme Court has held that under the "comprehensive and reticulated" provisions of ERISA, *Nachman Corp. v. Pension Ben. Guaranty Corp.*, 446 U.S. 359, 361 (1980), a party cannot recover plan benefits under the breach-of-fiduciary-duty section of ERISA (29 U.S.C. § 1132(a)(3)); instead, ERISA provides an explicit remedy to recover plan

4

benefits in section 1132(a)(1)(B). *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006) (quoting *Geissal v. Moore Med. Corp.*, 338 F.3d 926, 933 (8th Cir. 2003)); *see also Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

The Court finds that J.W.'s fiduciary-duty claim is a claim for benefits under the plan. While count 4 purportedly seeks relief under 29 U.S.C. § 1132(a)(3), it does nothing of the sort. Doc. 20 at ¶¶ 83–84 (alleging that Defendants breached both fiduciary and contractual duties by not paying amounts the plan requires to be paid). Moreover, in his single prayer for relief, J.W. does not seek any equitable relief, as would be available under 29 U.S.C. § 1132(a)(3), but instead only seeks money damages, which are only available under 29 U.S.C. § 1132(a)(1)(B). Doc. 20 at pp. 16–17; *see Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728, 731 (8th Cir. 2009) (plan benefits are not equitable relief and are not available under §502(a)(1)(B)); *Knieriem v. Group Health Plan, Inc.*, 434 F.3d 1058, 1061 (8th Cir. 2006) (noting that under 29 U.S.C. § 1132(a)(3), a court may only award "classic" equitable remedies, not compensatory damages). Count 4 presents a classic claim for plan benefits masquerading as a breach-of-fiduciary-duty claim and therefore fails to state a claim. *Jones*, 943 F.3d at 1169. The Court dismisses count 4.

**B.    Count 5**

Cigna moves to dismiss count 5 on the premise that ERISA preempts Missouri's mental-health parity law for various reasons. Doc. 24-1 at p. 10. As with count 4, the Court need not address each argument because it finds another argument dispositive—namely, that because of ERISA's preemptive force, states cannot regulate the benefits that self-funded health plans provide.

"ERISA comprehensively regulates employee pension and welfare plans." *Baxter v. Lynn*, 886 F.2d 182, 184 (8th Cir. 1989). ERISA generally preempts "any and all State laws

5

insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a).

ERISA contains an exception to the general rule of state-law preemption, known as the "savings clause." *Brake v. Hutchinson Tech. Inc. Group Disability Income Ins. Plan*, 774 F.3d 1193, 1197 (8th Cir. 2014). As the name suggests, the clause saves a state law that "regulates insurance" from ERISA preemption. 29 U.S.C. § 1144(b)(2)(A). A state law "regulates insurance" if it is specifically directed toward entities engaged in insurance and substantially affects risk pooling arrangements between insurer and insured. *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003). However, ERISA's "deemer clause" acts as an exception to the savings clause, "exempt[ing] self-funded ERISA plans from state laws that 'regulat[e] insurance' within the meaning of the savings clause." *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990) (citing 29 U.S.C. § 1144(b)(2)(B)). The effect of the deemer clause is that "self-funded ERISA plans are exempt from state regulations that 'relate to' the plans." *Id.*; *Daley v. Marriott Intern., Inc.*, 415 F.3d 889, 895 (8th Cir. 2005) (Nebraska mental-health parity law cannot regulate self-funded ERISA plan under the "deemer clause").

Missouri's Mental Health Parity Act states that all health benefit plans "shall provide coverage for treatment of a mental health condition" and requires health carriers to provide equivalent coverage for mental health treatment compared to treatment for physical conditions. Mo. Rev. Stat. § 376.1550.1(1). J.W. argues that Missouri's Parity Act falls under the savings clause because it "regulates insurance." Doc. 27 at p. 6 (citing *Miller*, 538 U.S. at 342). While the state parity act may well be "saved" from outright ERISA preemption by the savings clause, the Court must examine whether the plan was a "self-funded ERISA plan" exempt from state

6

regulation under the deemer clause. *See Daley*, 415 F.3d at 895 ("Whether the Nebraska mental-health parity law is saved from preemption is not the determinative issue.").

Cigna requests that the Court take judicial notice of the Summary Plan Description of the plan. Doc. 24-2 at p. 1. On a Rule 12(b) motion, courts may consider "matters incorporated by reference or integral to the claim," *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2017), and materials in the record "necessarily embraced by the pleadings," *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012). Materials "embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions . . . .'" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

Here, J.W.'s Second Amended Complaint references the plan many times, Doc. 20 at ¶¶ 5–7, 38, 50, 55, 59, 62, 76, and extensively discusses the terms and procedures within the plan, *id.* at ¶¶ 31–32, 39–44. And J.W. does not challenge the authenticity of the Summary Plan Description. Doc. 27 at pp. 6–7. The Court accordingly considers the Summary Plan Description in ruling on Cigna's Motion to Dismiss. *See Redwood Toxicology Lab.*, 688 F.3d at 931.

The Court concludes that ERISA preempts Missouri's parity act because the plan is self-insured. According to the Summary Plan Description, Barry-Wehmiller self-insures the plan, Inc. and Cigna administers it. Doc. 24-3 at p. 6 ("This is not an insured benefit plan. The benefits . . . are self-insured by [Barry-Wehmiller] which is responsible for their payment. Cigna . . . provides claim administration services to the plan, but Cigna does not insure the benefits described."). J.W. does not dispute that Barry-Wehmiller self-funds the plan and that Cigna does not insure it. Doc. 27 at pp. 6–7. Because Barry-Wehmiller self-insures the plan, the deemer

clause exempts the plan from state regulation insofar as the Missouri parity act "relates to" ERISA employee benefit plans. *See Daley*, 415 F.3d at 895. Thus, the Missouri parity act cannot regulate the plan either directly through Barry-Wehmiller or indirectly through Cigna. *Id.* As ERISA preempts Missouri's parity act with regard to the plan, the Court dismisses count 5. Doc. 24.

**IV.   Conclusion**

The Court grants Cigna and Barry-Wehmiller's [24] [32] motions to dismiss, dismissing the entirety of counts 4 and 5 with prejudice.

So Ordered this 19th day of November 2021.

_SLR. CR_
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

8