UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J.W. (a minor) by and through his legal guardian BRUCE WILLIAMS, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) ) |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendant(s). | ) |

Case No. 4:21-cv-00324-SRC

**Memorandum and Order**

J.W., a minor, suffers from anxiety, depression, and other psychological and behavioral disorders. Cigna denied coverage for mental-health services J.W. received at three residential-treatment centers, and after he appealed the coverage decisions administratively, J.W. sued in this Court, seeking benefits under his father's employee-benefit plan. J.W. now moves to permit discovery outside the administrative record, arguing that potential conflicts of interest and various procedural irregularities justify departure from the general, no-discovery rule.

**I.    Background**

As discussed in the Court's prior order, Doc. 40, J.W.'s Second Amended Complaint alleges that J.W.'s father is "an employee of Barry-Wehmiller Companies, Inc. and is a vested participant in a Group Insurance Policy which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a)." Doc. 20 at ¶ 5. J.W. alleges that his father is a "participant in the ERISA medical benefits policy that is administered by Cigna, and his dependent child, J.W., is a beneficiary of those medical benefits under the Plan." *Id.* at ¶ 7. Putting aside the counts the Court previously dismissed, Doc. 40, J.W. alleges that Cigna wrongfully denied him benefits

under his father's employee-benefit plan for medically necessary mental-health services, in violation of the Employee Retirement Income Security Act of 1974 § 502, 29 U.S.C. § 1132(a)(1)(b).  Doc. 20 at ¶¶ 49–77.

J.W. now seeks to conduct limited discovery outside the administrative record to investigate potential conflicts of interest and procedural irregularities that may have affected Cigna's claims-review process, and the parties fully briefed the motion.  Docs. 45, 46, 54, 55, 60.  As revised in J.W.'s reply, the outside-the-record discovery J.W. seeks includes:  (1) production of claims handling manuals and procedures; (2) the depositions of three Cigna employees; and (3) production of compensation guidelines for medical reviewers including information about bonuses.  Doc. 60 at pp. 6–7.

## II.     Standard

The parties agree that the Court will apply the abuse-of-discretion standard when it turns to the merits of the case.  Doc. 54 at p. 4; Doc. 60 at p. 1; *see McIntyre v. Reliance Standard Life Ins. Co.*, 972 F.3d 955, 959 (8th Cir. 2020).  Under this deferential standard, the court limits its review of the administrator's benefits determination to the evidence before the administrator at the time the administrator denied the claim.  *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010).  For this reason, courts generally do not allow discovery outside the administrative record.  *Id.*; *see Atkins v. Prudential Ins. Co.*, 404 F. App'x 82, 84–85 (8th Cir. 2010).  "However, limited discovery may be permitted to determine whether a conflict of interest or procedural irregularity exists."  *Moore v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 4:19-cv-2513, 2020 WL 2494590, at *2 (E.D. Mo. May 14, 2020) (citing *Sampson v. Prudential Ins. Co. of Am.*, No. 4:08-cv-1290, 2009 WL 882407, at *2 (E.D. Mo. Mar. 26, 2009)); *see Jones*, 615 F.3d at 945 (holding that under the circumstances "discovery [was] unnecessary to establish the

2

existence of a conflict"). To secure outside-the-record discovery, J.W. must show good cause, which in this context means "establishing that the administrative record is insufficient to establish a 'palpable conflict of interest' or a 'serious procedural irregularity.'" *Woodrome v. Ascension Health*, No. 4:19-cv-2638, 2020 WL 1479149, at *2 (E.D. Mo. Mar. 26, 2020) (quoting *Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998)).

### III.    Analysis

The Court first addresses J.W.'s conflict-of-interest argument and then considers whether any of the alleged procedural irregularities justify outside-the-record discovery.

#### A.    Conflicts of interest

In his motion and memorandum in support, J.W. does not allege the existence of any conflicts of interest justifying discovery. Docs. 45, 46. Indeed, the administrative record establishes the absence of a payor-administrator conflict because Barry-Wehmiller self-insures the plan and Cigna administers it. Admin. R. (AR) at p. 690 (Bates), Doc. 53-6 ("The benefits . . . are self-insured by Barry-Wehmiller Companies, Inc. which is responsible for their payment. Cigna Health and Life Insurance Company (Cigna) provides claim administration services to the plan, but Cigna does not insure the benefits described."); *cf. Metropolitan Life. Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008) ("Often the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest.").

In reply, J.W. pivots to a different argument. Admitting that no structural conflict exists in this case, J.W. claims that the lack of a payor-administrator conflict alone "does not guarantee that there are not other conflicts at play." Doc. 60 at p. 6. J.W. then states he "has determined that additional discovery is necessary in order to determine that Cigna's physician's [sic]

3

reviewers do not have a financial incentive to deny claims." *Id.*  Putting aside for the moment that J.W. improperly raised this argument and discovery request for the first time on reply, J.W. fails to assert any facts, either in his complaint or with this motion, supporting the existence of a conflict of interest.  Because "[a] mere assertion of bias based on nothing more than speculation fails to show good cause to allow discovery beyond the administrative record," *Woodrome*, 2020 WL 1479149, at *2 (citing *Westbrook v. Georgia-Pac. Corp.*, No. 4:05-cv-1331, 2006 WL 2772822, at *4 (E.D. Ark. Sept. 26, 2006)); *see also Westbrook*, 2006 WL 2772822, at *4 ("It is not enough to allege generally that 'a conflict of interest may exist' or that the case 'may have procedural irregularities.'" (internal quotation marks omitted)), the Court denies J.W.'s request to conduct conflict-of-interest discovery.

Additionally, J.W. improperly raised his conflict-of-interest argument on reply.  "Courts generally do not review arguments first raised in a reply brief because the other party has not had adequate opportunity to respond to such arguments." *Bayes v. Biomet, Inc.*, No. 4:13-cv-800, 2021 WL 3330911, at *8 (E.D. Mo. Aug. 2, 2021) (citing *Fish v. United States*, 748 F. App'x 91, 92 (8th Cir. 2019)).  Because J.W. provides no good reason justifying his untimely argument, the Court denies his request for conflict-of-interest discovery on this basis as well.

**B.       Procedural irregularities**

J.W. contends that three procedural irregularities require additional, outside-the-administrative-record discovery. *See Waldoch v. Medtronic, Inc.*, 757 F.3d 822, 830 (8th Cir. 2014) (holding that, to affect the Court's review under the abuse-of-discretion standard, "a procedural irregularity must rise to the level of a 'serious breach of the plan trustee's fiduciary duty to the plan beneficiary'" (quoting *Menz v. Procter & Gamble Health Care Plan,* 520 F.3d 865, 869 (8th Cir. 2008))).  First, J.W. says that Cigna failed to properly investigate and gather

4

enough information before denying him coverage.  Doc. 46 at p. 6–7.  Second, J.W. argues that "Cigna failed to properly apply its guidelines regarding residential mental health treatment for Children and Adolescents." *Id.* at 8–9.  And finally, J.W. alleges that Cigna failed to abide by certain ERISA regulations. *Id.* at 9–10.

However, even granting J.W. the vital assumption that these three allegations constitute procedural irregularities, the mere existence of procedural irregularities does not establish good cause for discovery.  Instead, as mentioned, because "[a] palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties," *Farley*, 147 F.3d at 776 n.4, "[a] plaintiff must show good cause for such discovery by establishing that the administrative record *is insufficient to establish* a . . . serious procedural irregularity," *Moore*, 2020 WL 2494590, at *2 (emphasis added and internal quotation marks omitted).  This limited-discovery regime "ensure[s] expeditious judicial review . . . and [ ] keep[s] district courts from becoming substitute plan administrators." *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998).  Here, J.W. fails to show the insufficiency of the administrative record.

First, J.W. claims that Cigna failed to gather "any medical evidence" before denying J.W. benefits for lack of medical necessity, thus requiring "discovery into: (1) how the denial was made; and (2) if medical evidence was not relied upon to make that determination, what was?" Doc. 60 at p. 4.  J.W. also takes issue with the fact that Cigna initially authorized coverage from one provider after phone calls between Cigna and that provider but no transcripts from the calls exist, *id.* at p. 2, though the administrative record reflects the details of the calls, AR at pp. 157–166, Doc. 53-2.  In response, Cigna disputes J.W.'s characterization of the facts, but confirms

5

that the "records utilized" during Cigna's review "are those produced in the Administrative Record." Doc. 54 at p. 7.

In reply, J.W. does not directly dispute Cigna's assertion that Cigna produced all the documents its reviewers considered and instead rhetorically implies—without a factual basis—that the reviewers may have considered other information. Doc. 60 at p. 4. Putting such speculation aside, *see Woodrome*, 2020 WL 1479149, at *2, because the administrative record contains the information on which Cigna relied in making its coverage determinations, when the Court turns to the merits, it need only consult the administrative record to determine whether Cigna failed properly to investigate J.W.'s claims and whether Cigna abused its discretion in denying coverage. *See Farley*, 147 F.3d at 776 n.4 ("A . . . serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties. Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts."); *see also Menz*, 520 F.3d at 871 ("If a conflict of interest is not apparent from the record, the district court may permit discovery. . ."). Thus, the administrative record suffices for the Court to determine the existence of the first asserted procedural irregularity.

Second, J.W. alleges that Cigna's claim-reviewing physicians improperly applied Cigna's own "Criteria for Continued Stay" when determining the medical necessity of J.W.'s mental-health treatment. Doc. 46 at pp. 8–9 (quoting AR at pp. 684–85, Doc. 53-5). For example, at one point Cigna apparently denied coverage for the reason that "[J.W.] had not developed new symptoms and/or behaviors that required this intensity of service for safe and effective treatment." AR at pp. 532, 562, Doc. 53-2. J.W. says that Cigna's "Criteria for Continued Stay" require authorization of benefits under such a circumstance, not denial. Doc. 46 at p. 9. J.W.

6

contends that "[t]his irregularity is so apparent," yet he claims that he needs discovery to develop the issue further. Doc. 60 at p. 5. But to determine whether this constitutes a procedural irregularity, the Court can simply read Cigna's regulations and compare them with the reasons given by Cigna for denying J.W.'s claim. Simply put, the administrative record contains all of the evidence the Court needs to determine if Cigna followed its own rules. Thus, the administrative record suffices for the Court to determine the existence of the second asserted procedural irregularity.

Finally, J.W. alleges that Cigna failed to follow the ERISA regulations governing what information the notifications of adverse benefit determinations must include, and that this constitutes a procedural irregularity justifying discovery. Doc. 46 at pp. 9–10 (citing 29 C.F.R. § 2560.503-1). However, in both his memorandum in support and his reply, J.W. admits that "[t]he claim file makes it apparent that Cigna failed to follow many of [the ERISA regulations]." *Id.* at p. 9; Doc. 60 at p. 5; *see* AR at pp. 764–853, Doc. 53-8. Because the administrative record suffices to establish this purported procedural irregularity, Cigna's alleged failure to follow the regulations cannot justify outside-the-record discovery. *See Woodrome*, 2020 WL 1479149, at *2; *see also Menz*, 520 F.3d at 871. When it turns to the merits, the Court can look to the administrative record to determine if Cigna failed to follow the regulations. *See Farley*, 147 F.3d at 776 n.4. J.W.'s bare statement that Cigna's "failure to comply with the ERISA regulations are [sic] grounds to discover if it failed to follow any additional regulations," Doc. 60 at p. 5–6, likewise does not justify outside-the-record discovery, *Woodrome*, 2020 WL 1479149, at *2 ("A mere assertion . . . based on nothing more than speculation fails to show good cause to allow discovery beyond the administrative record."). Thus, the administrative record suffices for the Court to determine the existence of the third asserted procedural irregularity.

7

**IV.     Conclusion**

In this case, the administrative record readily establishes the existence of the circumstances J.W. calls procedural irregularities.  *See id.* (a "serious procedural irregularity will ordinarily be apparent on the face of the administrative record. . ."). Because J.W.'s conflict-of-interest argument rests on "mere assertion[s] of bias based on nothing more than speculation," and because J.W. fails to show "that the administrative record is insufficient to establish a . . . 'serious procedural irregularity,'" *id.* (quoting *Farley*, 147 F.3d at 776 n.4), the Court finds no good cause exists for discovery outside the administrative record and denies J.W.'s [45] motion.

So Ordered this 21st day of April 2022.

                                                STEPHEN R. CLARK
                                                UNITED STATES DISTRICT JUDGE